IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY CUNNINGHAM,

        Petitioner,

v.                                                                   Civil Action No. 5:07CV71
                                                                                         Criminal Action No. 5:01CR10-02

UNITED STATES OF AMERICA,                  (JUDGE STAMP)

        Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2255
## RECOMMENDING SECOND OR SUCCESSIVE PETITION
## BE DENIED

### I. PROCEDURAL HISTORY

On August 29, 2002, the *pro se* petitioner, Gary Cunningham, ["Petitioner"], filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Government filed its response February 11, 2003. Petitioner filed a Reply on May 12, 2003. The Magistrate Judge Recommended that the Motion to Vacate be denied June 12, 2003. The Recommendation was Affirmed and Accepted by the District Court on July 25, 2003. Petitioner filed a Notice of Appeal on August 11, 2003. The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal on January 21, 2004. On October 3, 2005, the Fourth Circuit Court of Appeals denied petitioner's motion for authorization to file successive application for relief pursuant to 28. U.S.C. §2244. On June 4, 2007, the *pro se* petitioner, Gary Cunningham, ["Petitioner"], filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.09.

## II.  FACTS

### A.  Conviction

On October 12, 2001, the petitioner entered a plea of guilty before the Magistrate Judge in open court to four counts of Illegal Use of a Communication Facility to Distribute Cocaine in violation of 21 U.S.C. §843(b), which was accepted and adopted by the District Court October 29, 2001.

### B.  Sentencing

On January 8, 2002, the Court sentenced the petitioner to a total of 192 months incarceration – 48 months on each of Counts 16, 19, 20, and 27 to be served consecutively.

### C.  Appeal

The petitioner filed an appeal on April 26, 2006. The Fourth Circuit Court of Appeals dismissed the appeal as untimely on December 20, 2006.

### D.  Federal Habeas Corpus

Petitioner filed his motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody Under 28 U.S.C. § 2255 on August 29, 2002.  The motion was denied on July 25, 2003.  Petitioner filed a notice of appeal on August 11, 2003.  By a decision dated October 21, 2003, the Fourth Circuit Court of Appeals denied to issue a certificate of appealability and dismissed the appeal.  The petitioner then filed a petition for rehearing and rehearing en banc.  The Fourth Circuit Court of Appeals denied the petition on January 21, 2004.

On June 4, 2007, petitioner filed a second Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.

### E.  Recommendation.

Based upon a review of the record, I recommend that petitioner's § 2255 motion be denied and dismissed from the docket for lack of jurisdiction because it is a second or successive motion.

### III.    ANALYSIS

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered on the merits. The petitioner's current § 2255 motion challenges the same sentence as was challenged in his first § 2255 motion. Thus, the undersigned finds that the current § 2255 motion is a successive motion.

However, the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive § 2255 motion in this Court. Thus, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under § 2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, I recommend the Petitioner's § 2255 motion to be denied with prejudice for lack of jurisdiction and his Motion to Compel the Government to File a Response be DENIED AS MOOT.

### IV.  RECOMMENDATION

The undersigned recommends that the Court enter an Order DENYING WITH PREJUDICE Petitioner's motion and dismissing the case from the docket for lack of jurisdiction because his motion is a successive motion and he has not received authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[1]

The Clerk of Court is directed to mail a copy of this Recommendation to all parties of record.

Dated: June 25, 2007

_____/s/___James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).